UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JONATHAN CHANG,<br><br>　　　　　　　Plaintiff,<br>　v.<br>COLORADO CASUALTY INSURANCE<br>COMPANY, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:13-cv-00217-MMD-VCF<br><br>ORDER<br><br>(Def.'s Motion to Dismiss – dkt. no. 4;<br>Plf.'s Motion to Remand – dkt. no. 8) |

**I.　SUMMARY**

Before the Court are Defendant Colorado Casualty Insurance Company's ("CCIC") Motion for a More Definite Statement and/or Motion to Dismiss (dkt. no. 4) and Plaintiff Jonathan Chang's Motion to Remand (dkt. no. 8). Because removal of this case was improper, the Court grants Chang's Motion and denies CCIC's.

**II.　BACKGROUND**

On December 14, 2011, Chang, a Nevada resident, was involved in a motor vehicle accident in Las Vegas, Nevada, that he alleges resulted in medical injuries. (*See* Compl., dkt. no. 1-1 at ¶ 4.) At the time, CCIC, a New Hampshire corporation with its principal place of business in Massachusetts, was Chang's insurer. (*Id.* at ¶ 5.) The at-fault driver was uninsured. (*Id.* at ¶ 7.) As part of CCIC's policy with Chang, CCIC provided $50,000 of underinsured motorist coverage. (*Id.* at ¶ 6.) Chang filed a claim with CCIC for the policy limits of his uninsured motorist coverage, but alleges that he received far less, in violation of his policy terms and with bad faith on the part of CCIC. (*Id.* at ¶¶ 8-10.)

Chang brought this action in the Eighth Judicial District Court of Clark County, Nevada, on December 5, 2012, alleging breach of contract and bad faith against CCIC. (*See* Compl. at ¶¶ 11-21.) After being served with the Summons and Complaint on January 9, 2013, CCIC timely removed to this Court on February 7, 2013, on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1332(a).

Shortly thereafter, CCIC filed its Motion for a More Definite Statement and/or Motion to Dismiss. (Dkt. no. 4.) On March 5, 2013, Chang moved to remand, challenging CCIC's removal as defective in light of § 1332(a)'s amount-in-controversy requirement.

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In considering what

evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

For jurisdictional purposes, the amount in controversy is determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court may consider the amount of compensatory and punitive damages recoverable based on the plaintiff's complaint as well as attorney fees, but may not consider interest and cost of suit. *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (*citing Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333, 347-48 (1977)).

**IV.    DISCUSSION**

Chang brings this Motion arguing that CCIC has not met its burden to demonstrate that the amount-in-controversy in this suit exceeds $75,000.[1]  After reviewing CCIC's bare Statement Concerning Removal and its Response to Chang's Motion, the Court agrees.

Chang's Complaint seeks compensatory damages on each claim in excess of $10,000, as well as attorneys' fees, costs, interest, and (in the case of his bad faith claim) punitive damages. (Compl. at 5.) The Complaint alleges that Chang made a claim for the policy limits of his underinsured coverage, i.e. $50,000, but received only $1,000 in payouts from CCIC. (*Id.* at ¶¶ 8, 10.) Chang attached to his Motion a letter from CCIC offering $10,500 to settle the claim, in response to a demand by Chang for $20,085. (Dkt. no. 8-1.) Some uncertainty exists, then, as to the true value of Chang's contractual claim, as the $20,085 figure conflicts with Chang's initial policy limits demand

---

[1]The parties do not dispute their diversity of citizenship, so the Court does not address it.

1  alleged in the Complaint.  The Court thus assumes that between $20,000 and $50,000 is
2  in controversy, excluding fees and punitive damages.

3  In support of removal, CCIC does not provide any specific fact or argument
4  beyond speculation as to the worth of Chang's claims.  Instead, it assumes a $50,000
5  valuation of compensatory damages, and guesses that punitive damages over $25,000
6  are at stake.  "However, the mere possibility of a punitive damages award is insufficient
7  to prove that the amount in controversy requirement has been met." *Burk v. Med. Sav.*
8  *Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004).  Without establishing the
9  probability of punitive damages ─ for example, by introducing evidence of jury verdicts in
10 analogous cases ─ CCIC cannot overcome the "'strong presumption' against removal
11 jurisdiction." *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1129 (C.D. Cal. 2010)
12 (citations omitted). "Defendant's burden cannot be met simply by pointing out that the
13 complaint seeks punitive damages and that any damages awarded under such a claim
14 *could* total a large sum of money, particularly in light of the high burden that must be met
15 in order for a plaintiff even to be eligible for receipt of discretionary punitive damages."
16 *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal.
17 1998) (emphasis in original).  As the Court is left to guess the value of Chang's suit, it
18 cannot exercise jurisdiction over this matter.

**V.    CONCLUSION**

Accordingly, IT IS THEREFORE ORDERED that Plaintiff Jonathan Chang's Motion to Remand (dkt. no. 8) is GRANTED, and the case REMANDED.

Defendant Colorado Casualty Insurance Company's Motion for More Definite Statement and/or Motion to Dismiss (dkt. no. 4) is DENIED as moot.

The Clerk of the Court is instructed to close the case.

DATED THIS 8th day of April 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE